UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____

ADDIE HOUSTON,

      Plaintiff,

Vs.

AMERICAN AIRLINES, INC.,
PRIMEFLIGHT AVIATION SERVICES,
INC., and JACK DOE,

      Defendants.
_____

CIVIL # 1:19-cv-05065-MKB-PK

PLAINTIFFS DEMAND TRIAL BY JURY

## AMENDED COMPLAINT

TO THE HONORABLE COURT:

COMES NOW PLAINTIFF, ADDIE HOUSTON, through the undersigned attorneys and very respectfully alleges and prays as follow:

### JURISDICTION AND VENUE

1.    The jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sec. 1332, insofar as there exists complete diversity of citizenship of the parties and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

2.    Venue is proper in this district pursuant to 28 U.S.C. Sec. 1391, in that Defendants reside, and/are doing business in this judicial district. Moreover, the facts which give rise to this cause of action arose within this judicial district.

### PARTIES

3.    Plaintiff, ADDIE HOUSTON, is a citizen of the State of Louisiana and resides therein at 36412 Belle Journee Avenue, Geismar, Louisiana 70734.

1

4. Defendant AMERICAN AIRLINES, INC. ("AMERICAN") is a corporation organized and operating under the laws of Delaware with its principal place of business located at 4333 Amon Carter Boulevard, Fort Worth, Texas 76155.

5. Defendant PRIMEFLIGHT AVIATION SERVICES, INC., is a foreign corporation authorized to do business in New York, with its principal place of business located at 7135 Charlotte Pike, Suite 100, Nashville, Tennessee.

6. Although unknown at this time, upon information and belief, Defendant JACK DOE, is a resident of the State of New York.

7. At the time of the events complained of herein, Defendant AMERICAN was a common carrier engaged in the business of transporting passengers for hire by air.

8. In furtherance of said business, defendant AMERICAN operates regularly scheduled commercial airline flights to and from the City and State of New York including New York's LaGuardia Airport.

9. Notwithstanding anything else set forth herein to the contrary, in or about November, 2016, i.e., the time of the events complained of herein, Defendant PRIMEFLIGHT AVIATION SERVICES, INC. was a contractor responsible for aviation ground support services and logistics at LaGuardia Airport in Queens, New York.

10. Pursuant to a contract, in or about November, 2016, Defendant PRIMEFLIGHT AVIATION SERVICES, INC. performed *inter alia*, "wheelchair services" or "Skycap services" which encompass the transportation and safe movement of airline passengers with restrictions or limitations on mobility within LaGuardia Airport, including to and from said passengers' departing and arriving flights.

11. In or about November, 2016, upon information and belief, Defendant

PRIMEFLIGHT AVIATION SERVICES, INC. provided "wheelchair services" or "Skycap services" to AMERICAN's passengers with restricted or limited mobility within LaGuardia Airport, including to and from departing and arriving flights.

12. On or about November 17, 2016, Defendant JACK DOE was an employee/agent/servant of Defendant AMERICAN and/or PRIMEFLIGHT AVIATION SERVICES, INC.

13. On November 17, 2016, Defendant AMERICAN was the operator of a flight with service from LaGuardia Airport on which Plaintiff ADDIE HOUSTON was ticketed as a revenue paying passenger.

14. On November 17, 2016, Plaintiff ADDIE HOUSTON was an AMERICAN passenger requiring "wheelchair" assistance travelling within the airport to her designated flight and departure gate.

15. Defendant AMERICAN, its employees, agents, servants, and contractors were made aware of Plaintiff ADDIE HOUSTON's special needs both on November 17, 2016, and prior thereto.

16. Defendant PRIMEFLIGHT AVIATION SERVICES, INC. was made aware of Plaintiff ADDIE HOUSTON's special needs both on November 17, 2016 and prior thereto.

17. On November 17, 2016, Defendant JACK DOE was an employee, agent and/or servant of defendant AMERICAN and/or PRIMEFLIGHT AVIATION SERVICES, INC., and was working at LaGuardia Airport in the course of his employment as a "wheelchair attendant."

18. On November 17, 2016, Defendant JACK DOE was charged with the responsibility of insuring that Plaintiff ADDIE HOUSTON transitioned properly and safely into her wheelchair.

19. In doing so, Defendant JACK DOE negligently, carelessly, and recklessly failed to properly assist Plaintiff ADDIE HOUSTON with the safe transition into her wheelchair which caused

Plaintiff ADDIE HOUSTON to fall and suffer serious injuries.

## FIRST CAUSE OF ACTION AGAINST DEFENDANT AMERICAN

20. Plaintiff restates and re-alleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

21. At the aforesaid time and place, Plaintiff ADDIE HOUSTON was a revenue-paying passenger and customer of Defendant AMERICAN.

22. Defendant AMERICAN is a common carrier of passengers by air to various points within the United States of America.

23. As a common carrier of passengers, the Defendant AMERICAN owes a heightened duty of care to its passengers, which is non-delegable.

24. One such non-delegable duty of care governed by the Air Carrier Access Act is the safe passage to and from the aircraft for its passengers who are aged, infirm, suffer from disabilities, have special needs, and/or restricted mobility.

25. Prior to her flight aboard AMERICAN, Plaintiff ADDIE HOUSTON identified herself to AMERICAN, its agents, servants, employees, and/or subcontractors as a passenger who required special assistance ambulating to the aircraft.

26. Despite notifying Defendant AMERICAN in this regard, AMERICAN, its agents, servants, employees, and/or subcontractors failed to provide such service as was requested by the Plaintiff.

27. Defendant AMERICAN, its agents, servants, employees, and/or subcontractors also failed to follow its own practices and procedures with regard to the transport of passengers with special needs within the aircraft and to its aircraft.

28. Defendant AMERICAN, its agents, servants, employees, and/or subcontractors also failed to follow prevailing and applicable law, including the Air Carrier Access Act, with respect to the transportation of its passengers with special needs to its aircraft.

29. As a result of this breach of its non-delegable duty of care, the Plaintiff ADDIE HOUSTON was caused to fall.

30. Plaintiff ADDIE HOUSTON was caused to fall due to the negligence of the Defendant, AMERICAN, its agents, servants, employees, and/or contractors insofar as it recklessly and carelessly failed to properly discharge its duty of care to the Plaintiff ADDIE HOUSTON.

31. Defendant AMERICAN, its agents, servants, employees, and/or subcontractors were negligent, reckless, and careless in that they violated their duties to persons with special needs or infirmities who were lawfully using the common area of the airport and failed to ensure that said passengers were timely and properly transported through its airport to the proper aircraft and departure gates.

32. Notice to the defendant is not a prerequisite to the Plaintiff's cause of action herein because Defendant AMERICAN, its agents, servants, employees, and/or subcontractors caused and/or created the aforesaid dangerous condition and/or directly caused the Plaintiff's injuries.

33. By reason of the foregoing, Plaintiff ADDIE HOUSTON was injured.

34. By reason of the foregoing, Plaintiff ADDIE HOUSTON was seriously injured.

35. By reason of the foregoing, Plaintiff ADDIE HOUSTON was permanently injured.

36. By reason of the foregoing, Plaintiff ADDIE HOUSTON suffered and still suffers and will continue to suffer for some time, physical pain and psychological trauma.

37. By reason of the foregoing, Plaintiff ADDIE HOUSTON required medical aid, attention, treatment and did necessarily pay and become liable for medicines and other care and treatment, and will incur additional similar expenses in the future.

38. That by reason of the foregoing, Plaintiff ADDIE HOUSTON has been unable to attend her usual interests and pursuits in the manner required.

39. As a result of the foregoing, Plaintiff ADDIE HOUSTON was injured in a sum to be determined at trial together with costs, interest, attorneys' fees and any such further relief the Court deems just and proper.

40. Defendant AMERICAN is jointly and severally liable for all the damages suffered by Plaintiff.

41. This action falls within one or more of the exceptions of C.P.L.R. 1602.

## SECOND CAUSE OF ACTION AS AGAINST DEFENDANT PRIMEFLIGHT AVIATION SERVICES, INC.

42. Plaintiff restates and re-alleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

43. On or about November 17, 2016, Defendant PRIMEFLIGHT AVIATION SERVICES, INC. was a contractor for Defendant AMERICAN.

44. As a part of its contract, Defendant PRIMEFLIGHT AVIATION SERVICES, INC. was required to provide "wheelchair service" to passengers who were infirm, aged, had restricted mobility, or other special ambulatory needs at LaGuardia Airport.

45. On November 17, 2016, Plaintiff ADDIE HOUSTON was an individual with said special needs and required "wheelchair services."

46. On November 17, 2016, in the course of his employment with PRIMEFLIGHT AVIATION SERVICES, INC. and/or AMERICAN, Defendant JACK DOE was required to provide "wheelchair service" to Plaintiff ADDIE HOUSTON.

47. Defendant JACK DOE failed to properly assist Plaintiff ADDIE HOUSTON with the safe transition into her wheelchair.

48. Defendant PRIMEFLIGHT AVIATION SERVICES, INC. failed to provide "wheelchair service" or another form of acceptable and safe transportation to the Plaintiff ADDIE HOUSTON in the manner required.

49. Defendant PRIMEFLIGHT AVIATION SERVICES, INC.'s failure to provide Plaintiff ADDIE HOUSTON with "wheelchair service" in the manner required constituted negligence, carelessness, and/or recklessness on its part.

50. By reason of the foregoing, Plaintiff ADDIE HOUSTON was injured.

51. By reason of the foregoing, Plaintiff ADDIE HOUSTON was seriously injured.

52. By reason of the foregoing, Plaintiff ADDIE HOUTON was permanently injured.

53. By reason of the foregoing, Plaintiff ADDIE HOUSTON suffered and still stuffers and will continue to suffer for some time, physical pain and psychological trauma.

54. By reason of the foregoing, Plaintiff ADDIE HOUSTON required medical aid, attention, and treatment and did necessarily pay and become liable for medicines and other care and treatment, and will incur additional similar expenses in the future.

55. That by reason of the foregoing, Plaintiff ADDIE HOUSTON has been unable to attend to her usual interests and pursuits in the manner required.

56. As a result of the foregoing, Plaintiff ADDIE HOUSTON was injured in a sum to be determined at trial together with costs, interest, attorneys' fees and any such further relief the Court deems just and proper.

57. Defendant PRIMEFLIGHT AVIATION SERVICES, INC. is jointly and severally liable for all the damages suffered by Plaintiff.

58. Defendant JACK DOE is jointly and severally liable for all the damages suffered by the Plaintiff.

59. This action falls within one or more of the exceptions of C.P.L.R. 1602.

## **DEMAND FOR JURY TRIAL**

60. Plaintiff demands trial by jury in all causes of action.

WHERFORE, Plaintiffs respectfully pray that judgement against all Defendants be entered according to the aforementioned averments once the necessary legal proceedings have been fulfilled, and that this Honorable Court orders all Defendants to pay Plaintiffs the amounts herein requested, including pre-judgement interests from the date of the filing of this Complaint, taxable costs and a reasonable amount for attorney's fees.

I HEREBY CERTIFY that on this date the foregoing document was electronically filed using the CM/ECF system.  RESPECTFULLY SUBMITTED.

In New York, New York, this 25th day of September, 2019.

**BOHRER & LUKEMAN**



Abram I. Bohrer, Esq. (AB 4336)
David A. Zeitzoff, Esq. (DZ 9036)
*Attorneys for Plaintiff*
5 Columbus Circle, Suite 1501
New York, NY  10019
Tel. No.: (212) 406-4232
Fax (212) 202-4440
Email: abe@flightinjury.com